IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC DANIEL KOLKEBECK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00514-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This case was referred to this court under 28 U.S.C. 636(b)(1)(B). (Dkt. 21.) The parties have been ordered to follow this District's procedures for Short Form Discovery. (Dkt. 22.) Consistent with that order, Plaintiff filed his motion to compel. (Dkt. 41.) At the court's request, the parties submitted additional briefing. (Dkt. 43; Dkt. 45.) The parties have not requested, and the court does not find good cause to hear, oral arguments. The court decides the matter on the briefs submitted.

**I. Dispute**

Plaintiff asserts that he is entitled to testimony from a corporate designee regarding a number of topics:

> (1) [Plaintiff]'s job duties, responsibilities, and essential functions while employed with Home Depot.
> (2) [Plaintiff]'s performance of his job duties, responsibilities, and essential functions while employed with Home Depot.
> (3) Performance evaluations Home Depot completed regarding [Plaintiff].
> (4) [Plaintiff]'s wages, compensation, and other employment benefits while employed with Home Depot.
> . . .
> (6) Disciplinary notices Home Depot issued to [Plaintiff].

>(7) Sales associates, department supervisors, and managers employed with Home Depot at Store 4402 who alleged that [Plaintiff]'s communication skills needed improvement.
>(8) [Plaintiff]'s application to become paint department supervisor in November 2010, and his qualifications for that position.
>(9) The reasons Reeve was selected for the position of paint department supervisor.
>…
>(14) [Plaintiff]'s stutter and his communications with Home Depot regarding his stutter.
>(15) [Plaintiff]'s communications with Reeve while [Plaintiff] worked in Home Depot's paint department of Store 4402.
>(16) [Plaintiff]'s communications with Home Depot's management at Store 4402—including Groves, Dennis, Blackwell, Buchanan, and Sainsbury—regarding his stutter, and actions [Plaintiff] reported as discriminatory, retaliatory, and/or harassing.
>(17) Home Depot's termination of [Plaintiff]'s employment and the reasons for such termination.
>(18) All videos which Home Depot relied on in making its decision to terminate [Plaintiff]'s employment.
>(19) Nethery's interview of [Plaintiff] on or about August 22, 2011.

(*See* Dkt. 41, Ex. A at 2–3.) Although these topics are closely related to topics already discussed by individual employees of Defendant, Plaintiff argues that he is entitled to depose Defendant as an organization about these same matters. Plaintiff also alleges that certain matters were not addressed during the depositions of individual employees. (Dkt. 45.)

In response, Defendant argues that the proposed discovery is unduly cumulative or duplicative of the depositions of individual employees already taken. (Dkt. 43.) Defendant asserts that Plaintiff probed these areas of inquiry during the individual depositions. Defendant suggests that Plaintiff only requests to depose Defendant's designee to obtain more favorable testimony the second time around. Defendant argues that its designees will either be the prior individual deponents, or individuals who interviewed those deponents and reviewed the prior deposition transcripts. In other words, the best available testimony regarding the topics at issue has been provided to Plaintiff.

## II. Analysis

### a. The topics are unreasonably cumulative

The Court must limit discovery when, *inter alia*, the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Plaintiff does not deny that his former supervisors previously deposed are the persons most knowledgeable about the proposed topics. Additionally, Plaintiff does not attempt to rebut Defendant's argument that topics six, seven, eight, or nine are cumulative or duplicative. Accordingly, the Court agrees with Defendant's unrebutted arguments that those topics are in fact cumulative or duplicative of discovery already undertaken. The Court turns now to the topics Plaintiff addressed in his reply.

First, Plaintiff argues that topics one through four, regarding Plaintiff's job performance, were not addressed during prior depositions, including those of Messrs. Sainsbury and Buchanan. (Dkt. 45 at 3.) This argument is contradicted by an excerpt Mr. Sainsbury's deposition provided by Defendant. Mr. Sainsbury testified about Plaintiff's performance of maintenance duties. (Dkt. 43, Ex 2 at 2.)

Next, Plaintiff argues that topics fourteen through sixteen are not duplicative because Plaintiff's alleged stutter was "not even addressed" in several depositions, particularly "Mr. Groves [who] was directly involved in the decision to terminate [Plaintiff]'s employment." (Dkt. 45 at 3–4.) This argument is not in accord with the facts. As Defendant correctly points out, Plaintiff has already examined his former supervisors regarding their knowledge of his stutter. Specifically, Mr. Groves testified that he was unaware of Plaintiff's alleged stutter:

> Q: You are aware that [Plaintiff] had a stutter?
> A: No.

(Dkt. 43 Ex. 1.) Thus, Plaintiff's stutter was explicitly addressed in Mr. Groves' deposition. Plaintiff may be unhappy with the testimony, but the topic was addressed. Likewise, it was

addressed in several other depositions. (Dkt. 43 at 4 (citing the Buchanan, Sainsbury, and Reeves depositions).) Plaintiff has not attached any deposition excerpts to which he refers, so the Court is unable to more specifically address his remaining contentions regarding these depositions. Nonetheless, the Court can glean from even the small deposition excerpts that Defendant provided that Plaintiff's arguments are not in accord with the record here. Plaintiff's true motive is exposed by his contention that these "lines of inquiry have not been properly developed." (Dkt. 45 at 4.) Thus, by Plaintiff's own brief suggests that the proposed deposition represents an attempt to take a second bite of the proverbial apple. Such discovery is not permitted under Rule 26. *See* Fed. R. Civ. P. 26(b)(2)(C).

Finally, Plaintiff argues that topics seventeen through nineteen are not duplicative because he intends to probe how his stutter affected his termination. (Dkt. 45 at 4.) This is somewhat surprising given that Plaintiff's stutter is not mentioned in any of these topics. Likewise, his termination is only the subject of topic seventeen. Topic eighteen contemplates certain videos. Topic nineteen involves a certain interview of Plaintiff. In any event, as mentioned with regard to topics fourteen through sixteen, Plaintiff has already deposed his former supervisors regarding his alleged stutter. The deposition excerpts reviewed by the court all appear to discuss Plaintiff's termination. Based on the foregoing, the court finds that topics one through four, and fourteen through nineteen are cumulative of prior deposition testimony. However, the court cannot find them *unreasonably* cumulative with regard for Plaintiff's request for a corporate designee deposition because the answers do not represent Defendant's testimony.

### b. Defendant must adopt its employees' answers to avoid the proposed deposition of its designee.

Depositions of corporate designees serve two primary purposes: to allow parties opposing corporations to identify employees with relevant knowledge, and to bind the corporation to the

4

witnesses' deposition answers. *See* Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.). The first purpose of that rule has been thoroughly addressed above. Here, the identity of the individuals with relevant knowledge is not in dispute. Additionally, Plaintiff was able to depose each of the knowledgeable individuals. Plaintiff has not identified any information he seeks that is not cumulative or duplicative of prior deposition topics.

Nonetheless, the second purpose of the rule causes the court some pause here. Plaintiff is entitled to *Defendant's* testimony on these matters. The topics described above are unduly cumulative only to the extent that the testimony reflects Defendant's position on these matters. To avoid a deposition of its designee, Defendant must adopt the prior testimony of its employees as its own testiomony. *See Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 162 (D. Del. 2001) (finding a corporation's agreement to adopt a witness's prior deposition testimony as sufficient to preclude a subsequent designee deposition on the same subject). This adoption will provide Plaintiff with assurance that he knows Defendant's position on these matters.

Yet, this agreement to adopt prior testimony has two important caveats. First, Defendant is permitted to ask its own questions of the witnesses at trial. Second, Defendant's adoption of, or agreement to be bound by, the deponents' statements is not the functional equivalent of a Rule 36 admission. "Although [Defendant] is certainly bound by [its designee]'s testimony, it is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by introduction of the deposition." *R & B Appliance Parts, Inc. v. Amana Co., L.P.*, 258 F.3d 783, 786 (8th Cir. 2001). Similarly, while the witnesses' statements

here will be admissible against Defendant as if they were its own statements, the testimony does not function as a formal admission of fact under Rule 36.

### c. Meet and confer requirements

The court takes this opportunity to remark on Plaintiff's attempt to meet and confer regarding the proposed deposition of Amy Maxwell. Plaintiff originally included a request to compel Ms. Maxwell's deposition in his motion, but withdrew that request in his reply. Nonetheless, the meet-and-confer issue may recur and the court prefers to address that issue now. Plaintiff's counsel suggests that he attempted to confer by sending an email requesting documentary proof of certain of Defense counsel's claims. (Dkt. 45 at 4.) This effort is insufficient particularly in light of the procedures governing Short Form Discovery motions. (*See* Dkt. 22 (requiring the moving party to request "to meet and confer, either in person or by telephone, with alternative dates and times to do so.").) The email referenced does not indicate that any conference was requested or held. Counsel must attempt in good faith to set and attend an in-person or telephone conference before filing a discovery-related motion. Both parties are reminded to strictly adhere to the procedures set forth in the Short Form Discovery Order.

### III. Order

Based on the foregoing, Plaintiff's motion to compel will be **DENIED**, so long as Defendant adopts its employees' prior testimony. (Dkt. 41.) If Defendant is unwilling to adopt the prior testimony, it must so notify the court within fourteen (14) days of this order.

IT IS SO ORDERED.

Dated this 22nd day of October, 2015.

_____
Dustin B. Pead
United States Magistrate Judge