IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC KOLKEBECK,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-00514-CW-DBP<br><br>District Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

        This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 21.) Plaintiff Eric Daniel Kolkebeck alleges Home Depot discriminated and retaliated against him by failing to promote him and terminating his employment in violation of the Americans with Disabilities Act (ADA). (*See* Dkt. No. 38.) On January 29, 2016, Home Depot moved for summary judgment on Mr. Kolkebeck's claims. (Dkt. No. 50.) After briefing was completed, Judge Pead held a hearing on the motion. (Dkt. No. 62.)

        On September 9, 2016, Judge Pead issued a Report and Recommendation recommending the court grant Home Depot's motion for summary judgment. (*See* Dkt. No. 63.) Mr. Kolkebeck objected to Judge Pead's Report and Recommendation, (Dkt. No. 66), and Home Depot responded, (Dkt. No. 67).  The court has carefully reviewed all of the filings and the record in the case *de novo*. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (holding that upon timely written objection, the district court reviews a magistrate judge's report *de novo*). For the reasons explained below, the court **APPROVES AND ADOPTS** Judge Pead's Report and

1

Recommendation in all respects, except Judge Pead's conclusion in Section II(b)(1)(D) that Mr. Kolkebeck did not establish a prima facie case of discrimination for the June 2011 interview and failure to promote. (*See* Dkt. No. 63, p. 13.) The court also responds to each of Mr. Kolkebeck's objections below.

Upon *de novo* review of the record and the parties' filings, the court agrees with Judge Pead's analysis and conclusion that Mr. Kolkebeck has failed to raise a genuine issue of material fact that Home Depot's proffered nondiscriminatory reason for his termination was pretext for either discrimination or retaliation. (*See* Dkt. No. 63, pp. 20 & 27.)

Mr. Kolkebeck first objects to Judge Pead's conclusion that Home Depot's failure to promote him in June 2011 did not satisfy his prima facie case for discrimination. (Dkt. No. 66, p. 2.) To complete the prima facie case for discrimination in the ADA context, Mr. Kolkebeck has the burden to demonstrate he "suffered discrimination by an employer . . . because of [his] disability." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1038 (10th Cir. 2011). At summary judgment, as Judge Pead noted, Mr. Kolkebeck must "present some affirmative evidence that disability was a determining factor in the employer's decision." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). Judge Pead found that Mr. Buchanan's interview notes regarding Mr. Kolkebeck—both on their face and compared to notes on other interviewees—did not raise a reasonable interference of discriminatory failure to promote. Mr. Kolkebeck objects to this conclusion because he was subjected to "speech criticisms that his comparator employees were not," even if those criticisms were not solely predicated on Mr. Kolkebeck's stutter. (Dkt. No. 66, p. 4–5.) He notes that Mr. Buchanan had no criticisms of "communication skills" for those interviewees who did not stutter, in contrast to Mr. Kolkebeck. (*Id.* at 4.)

Mr. Kolkebeck's burden to establish a prima facie case by a preponderance of the

evidence is "not onerous" and "requires only a 'small amount of proof necessary to create an inference' of discrimination or retaliation." *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 539 (10th Cir. 2014) (citations omitted). Like Judge Pead, the court has serious doubts regarding whether the evidence presented meets Mr. Kolkebeck's low burden to establish a prima facie case of discrimination on either the failure to promote or the decision to terminate. Judge Pead assumed, however, that Mr. Kolkebeck met his prima facie burden to show Home Depot discriminated against him when it terminated him, and proceeded with the burden shifting analysis. (*See* Dkt. No. 63, p. 14.) The court will do the same, and will additionally conclude that Mr. Kolkebeck has provided sufficient evidence to satisfy the prima facie case of discrimination when Home Depot failed to promote Mr. Kolkebeck in June 2011.[1]

Mr. Kolkebeck's argument on the failure to promote appears to exploit an ambiguity in the concept of "communication skills." Because Mr. Buchanan rated Mr. Kolkebeck lower in his "ability to communicate" and noted "vague," "short answers no description," or "could not come up with any answer" during the interview, Mr. Kolkebeck contends these statements, construed most favorably to his case and considered alongside the lack of criticism directed toward the two other interviewees, provide circumstantial evidence allowing an inference of discrimination based on his stutter. Drawing all inferences in his favor, the court will assume Mr. Kolkebeck has raised a genuine issue of fact that Home Depot failed to promote him in June 2011 because of his disability.

Mr. Kolkebeck next objects to Judge Pead's conclusion that he failed to raise a genuine issue of material fact that Home Depot's proffered, legitimate reasons for the failure to promote

---

[1] Mr. Kolkebeck concedes that he did not make his first complaint of discrimination until after the interview for the promotion in June 2011. (*See* Dkt. No. 53-2, Ex. 1, Dep. of Eric Kolkebeck at 28:9-29:10.) Thus, the court will only analyze this adverse action as a discrimination claim, not a retaliation claim.

and the termination were pretext for discrimination or retaliation. (*See* Dkt. No. 66, pp. 2, 10 (indicating this objection relies on the same evidence of pretext as to each claim).)

Regarding the failure to promote, Home Depot provides a legitimate nondiscriminatory reason for not promoting Mr. Kolkebeck in June 2011: Home Depot did not select any of the three candidates who interviewed for the position, including Mr. Kolkebeck, because it decided instead to internally transfer another qualified department supervisor from a different department in the store. (*See* Dkt. No. 50-9, Ex. I, Aff. of Bryan Ross Buchanan, ¶¶ 4-5.) Thus, the burden shifts back to Mr. Kolkebeck to raise some question of fact that Home Depot's decision to move another qualified employee laterally was pretext for failing to promote Mr. Kolkebeck based on his disability.

To show pretext, Mr. Kolkebeck presumably relies on a comparison of Mr. Buchanan's interview notes on each candidate and Mr. Kolkebeck's qualifications disclosed in the interview. (*See* Dkt. No. 66, pp. 3-5.) This evidence does not disclose any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006) (quoting *Hilti*, 108 F.3d at 1323). Importantly, while this evidence may have sufficed to establish a prima facie case, Mr. Kolkebeck's burden to show pretext "is more demanding and requires [him] to assume 'the normal burden of any plaintiff to prove his or her case at trial.'" *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1241 (10th Cir. 2004) (quoting *E.E.O.C. v. Flasher Co.*, 986 F.2d 1312, 1316 (10th Cir. 1992)). Judge Pead observed a basic weakness in this evidence even at the prima facie stage: the interview notes on their face attend to the content of Mr. Kolkebeck's answers (or lack of

4

answer), not his manner of delivering those answers. Mr. Buchanan summarizes Mr.

Kolkebeck's ability to communicate by stating he gave "very short inprecise[sic] answers" and

"could not really answer some questions." These notes do not address Mr. Kolkebeck's

disfluency or manner of speaking; they critique the lack of detail or depth in an answer, and the

lack of any answer at all. (*See* Dkt. No. 53, Ex. 5.) Mr. Buchanan confirmed as much during his

deposition. (*See* Dkt. No. 50-6, Ex. F, Dep. of Bryan Ross Buchanan at 17:12-18:4; 25:22-26:16;

34:1-35:12.) Mr. Kolkebeck's own interpretation of these notes as criticisms of his stutter (or

manner of delivery) does not raise a reasonable inference of pretext for discriminatory intent,

even when compared with the favorable ratings of other interviewees. *See Annett*, 371 F.3d at

1241 ("Mere conjecture that the [employer] acted with discriminatory reasons will not suffice to

establish pretext."); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("To

defeat a motion for summary judgment, evidence, including testimony, must be based on more

than mere speculation, conjecture, or surmise."). The evidence shows the other non-disabled

interviewees were also evaluated based on the content and depth of their answers, as instructed

by criteria in the interview packet itself. (*See* Dkt. No. 50, Ex. H.) The other interviewees were

also denied the promotion, despite higher interview ratings. Moreover, the record does not

clearly speak to Mr. Kolkebeck's qualifications in comparison to the department supervisor

Home Depot moved into the position. The only evidence suggests that both Mr. Kolkebeck and

the person chosen were qualified for the position, and the court sees no basis to infer pretext

from neutral evidence or to supplant the employer's judgment with its own. *See Johnson v. Weld*

*Cty.*, 594 F.3d 1202, 1211 (10th Cir. 2010) (noting a court does not act as a "'super personnel

department' to undo bad employment decisions" and does not second guess an employer's

business judgments (quoting *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1198 (10th Cir.

2008))). Thus, Mr. Kolkebeck has failed to raise a genuine dispute of material fact that Home Depot's reason for not promoting him in June 2011 was pretextual.

To show pretext relating to his termination, Mr. Kolkebeck points to evidence of Home Depot's disparate treatment of other employees who left store premises while clocked in or who committed major work rule violations but were not terminated. (*See id.* at 6–8.) He also relies on evidence of his prior record of exemplary performance. (*See id.* at 8–9.) The court again concludes this evidence is not sufficient to allow a reasonable juror to find Home Depot's justification for the termination was pretext for discrimination based on Mr. Kolkebeck's disability or retaliation for protected complaints of disability discrimination.[2] The court agrees with Judge Pead that Ms. Farr is the most similarly-situated comparator in this case, and that Home Depot treated her and Mr. Kolkebeck identically: both were fired on the same day for the same major work rule violation. (*See* Dkt. No. 63, pp. 15-16, 26.)

Even assuming the other comparators Mr. Kolkebeck presents (Mr. Burton, Ms. Lomas, and Ms. Farrah) committed infractions of comparable seriousness and that they were disciplined more leniently, the probative value of these comparators in this case is low. As the Tenth Circuit has explained

> [s]ometimes apparently irrational differences in treatment between different employees that cannot be explained on the basis of clearly articulated company policies may be explained by the fact that the discipline was administered by different supervisors, or that the events occurred at different times when the company's attitudes toward certain infractions were different, or that the individualized circumstances surrounding the infractions offered some mitigation for the infractions less severely punished, or even that the less severely sanctioned employee may be more valuable to the company for nondiscriminatory reasons than is the other employee.

---

[2] There also exists a serious question that the evidence Mr. Kolkebeck relies upon to support his assertions lacks foundation. Mr. Kolkebeck's testimony is largely based upon his own conclusions drawn without sufficient knowledge of all of the facts. (*See* Dkt. No. 53-2, Ex. 1, Kolkebeck Dep. at 57:1-58:23.)

*Flasher*, 986 F.2d at 1320 (internal citations omitted). Here, any disparate treatment of these comparators is readily explained by the different management involved, different time periods, different departments or positions, and, in some instances, the lack of evidence of management's awareness of work rule violations. The uncontroverted evidence shows Mr. Kolkebeck admitted to the major work rule violation, Home Depot independently investigated the incident, and management adhered to company policy in deciding to terminate him for that violation, even though it was a first offense.

   Mr. Kolkebeck argues his record of achievement could lead a reasonable juror to conclude that immediate termination in this instance was unwarranted; however, Home Depot "is free to conclude," in accordance with its policy, that the circumstances of a major work rule violation support termination on the first offense, "notwithstanding adequate or even strong performance in other areas." *Argo*, 452 F.3d at 1203 (noting neither the court nor the jury acts "as a 'super personnel department' that second guesses employers' business judgments" (quoting *Simms v. Okla.ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir. 1999))). Mr. Kolkebeck had also received discipline for prior work rule violations. All discipline notices Mr. Kolkebeck received were "tied to an improper action," *Hamby v. Assoc'd Ctrs. for Therapy*, 230 F. App'x 772, 781 (10th Cir. 2007) (unpublished), whether admitted to or disputed by Mr. Kolkebeck, and no evidence shows management disciplined Mr. Kolkebeck on the basis of his stutter or his complaints of discrimination.

   More importantly, while one may disagree with Home Depot's decision to terminate Mr. Kolkebeck's employment in this instance, and even conclude that Home Depot treated Mr. Kolkebeck unfairly in light of the discipline towards other employees or Mr. Kolkebeck's own record with the company, the dispositive question here is whether this evidence, viewed as a

7

whole, sufficiently raises a question of fact that Home Depot's true motive for firing Mr.

Kolkebeck was his stutter or complaints of disability discrimination—that in the absence of his

disability or complaints Home Depot would not have terminated him. Thus,

> [t]o support an inference of pretext, to suggest that something more nefarious might be at play, a plaintiff must produce evidence that the employer did more than get it wrong. He or she must come forward with evidence that the employer didn't really believe its proffered reasons for action and thus may have been pursuing a hidden discriminatory agenda.

*Id.* Mr. Kolkebeck's major work rule violation immediately preceded his termination, and was

cited by the company in internal documents describing the decision. *See Argo*, 452 F.3d at 1204.

On this evidence, Mr. Kolkebeck simply fails to raise a genuine dispute of material fact that

Home Depot's termination was pretext for discrimination or retaliation on the basis of his

disability. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000) (noting

"an employer would be entitled to judgment as a matter of law if the record conclusively

revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff

created only a weak issue of fact as to whether the employer's reason was untrue and there was

abundant and uncontroverted independent evidence that no discrimination had occurred").

Accordingly, for the reasons stated in Judge Pead's Report and Recommendation, (Dkt.

No. 63), and the court's additional analysis of the objections above, the court **GRANTS** Home

Depot's Motion for Summary Judgment, (Dkt. No. 50).  This case is therefore dismissed with

prejudice. The court **DIRECTS** the Clerk of Court to close this case.

DATED this 30th day of March, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge

8